IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROBERT WALKER | § | |
| Plaintiff, | § § § | |
| VS. | § | NO. 3-08-CV-2051-M |
| ALLIANZ LIFE INSURANCE COMPANY OF NORTH AMERICA, ET AL. | § § § § | |
| Defendants. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Plaintiff Robert Walker, appearing *pro se*, has filed a motion for a temporary restraining order and a preliminary injunction in this civil RICO action. For the reasons stated herein, the motion should be denied.

Preliminary injunctions are extraordinary remedies "not to be granted routinely." *White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989). In order to obtain injunctive relief, plaintiff must prove, by a clear showing: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm if the injunction is not granted; (3) that the threatened harm outweighs any damage the injunction might cause to the opposing party; and (4) that the injunction will not disserve the public interest. *See Sierra Club v. City of San Antonio*, 112 F.3d 789, 793 (5th Cir. 1997), *cert. denied*, 118 S.Ct. 879 (1998). If plaintiff fails to carry his burden on any one of the four elements, the court must deny the motion. *See Gonannies, Inc. v. Goupair.Com, Inc.*, 464 F.Supp.2d 603, 607 (N.D. Tex. 2006); *Sun Water Systems v. Vitasalus, Inc.*, No. 4-05-CV-574-Y, 2007 WL 628099 at *7 (N.D. Tex. Feb. 28, 2007).

Plaintiff, a former agent for GamePlan Financial Marketing, LLC ("GamePlan"), the marketing arm of Allianz Life Insurance Company of North America ("Allianz"), seeks a temporary restraining order and a preliminary injunction: (1) to require GamePlan and Allianz to turn over reimbursement schedules and other documents that plaintiff can provide to his bank "so proper distribution of frozen assets can be distributed accordingly;" (2) to restrain defendants "from committing further illegal acts through the use of plaintiff's propriety information;" (3) and to enjoin defendants from "any further conspiratorial activities aimed at destroying [him]." (*See* Plf. Mot. at 1). Although plaintiff states that he has been victimized by "an ongoing illegal and unethical conspiracy initiated and acted out by the defendants involving mail, wire, and bank fraud along with false statements, theft and various other state actions," (*see id.* at 2), his pleadings do not allege sufficient facts to support such a claim. Without more detailed allegations, the court cannot determine whether plaintiff has a substantial likelihood of success on the merits. Nor has plaintiff shown that he will suffer irreparable harm if an injunction is not granted. His conclusory allegations do not merit emergency injunctive relief.

## **RECOMMENDATION**

Plaintiff's motion for a temporary restraining order and a preliminary injunction [Doc. #5] should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon

grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 6, 2009.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE